Eric H. Saiki (SBN 155762)
E-mail: eric@saikilawgroup.com
SAIKI LAW GROUP APC
21515 Hawthorne Blvd., Suite 200
Torrance, CA 90503
Telephone: (310) 698-0600
Facsimile: (310) 698-0601

Attorneys for Plaintiff,
FORKLIFT ACADEMY, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FORKLIFT ACADEMY, INC., a California Corporation,

Plaintiff,

vs.

HOUSTON FORKLIFT & AUTOS LLC d/b/a HOUSTON FORKLIFT ACADEMY; DELANO MANDELA IGBA, an individual; and DOES 1 through 10, inclusive,

Defendants.

Case No.:

**COMPLAINT**

**TRIAL BY JURY DEMANDED**

Plaintiff Forklift Academy, Inc. ("Plaintiff"), by and through its attorneys, for its Complaint against defendant Houston Forklift & Autos LLC d/b/a Houston Forklift Academy ("Defendant") and defendant Delano Mandela Igba ("Igba") (Defendant and Igba, together, the "Defendants"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for infringement of Plaintiff's federally registered service mark FORKLIFT ACADEMY under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), arising from Defendant's unauthorized use of the confusingly similar designation "Houston Forklift Academy," including as an assumed business name and as the domain name www.houstonforkliftacademy.com, in connection with the marketing, advertising, promotion, offering, and sale of forklift training and certification services.

2. Plaintiff seeks injunctive and monetary relief, including a permanent injunction, an accounting of Defendant's profits, enhanced damages, destruction of infringing materials, and its costs and attorneys' fees.

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1337(a), and 1338(a) and (b), because this action arises under the Lanham Act, an Act of Congress regulating commerce, and asserts a related claim of unfair competition joined with a substantial and related claim under the trademark laws.

4. This Court has personal jurisdiction over Defendant pursuant to California's long-arm statute, California Code of Civil Procedure § 410.10, which authorizes the exercise of jurisdiction on any basis not inconsistent with the Constitution of the United States or of the State of California, and because Defendant has purposefully directed its infringing conduct at California and this

District such that the exercise of jurisdiction comports with due process. There is a strong basis for the exercise of personal jurisdiction over Defendant under both California's long-arm statute and the Ninth Circuit's "effects" test.

5. Because trademark infringement is a tort-like cause of action, Defendant's purposeful direction of its conduct at California is established under the "effects" test. First, Plaintiff is informed and believes, and thereon alleges, that Defendant committed intentional acts in that it knowingly adopted and used the designation "Houston Forklift Academy" (the "Infringing Mark") as an assumed business name and as the domain name www.houstonforkliftacademy.com, and it operates a commercial website through which it advertises, offers, and sells forklift training and certification services.

6. Second, Defendant expressly aimed its conduct at California. Defendant adopted a designation that incorporates in its entirety Plaintiff's FORKLIFT ACADEMY Mark and used it to compete directly with Plaintiff—a California corporation with its principal place of business in this District—including after receiving Plaintiff's cease and desist letter identifying Plaintiff and its federally registered FORKLIFT ACADEMY Mark. Defendant thereby individually targeted Plaintiff and the goodwill Plaintiff owns in the FORKLIFT ACADEMY Mark, knowing that the Mark belongs to a California resident.

7. Third, Defendant's conduct has caused harm the brunt of which is suffered—and which Defendant knew was likely to be suffered—in California, at Plaintiff's principal place of business in this District, including injury to Plaintiff's business, reputation, and the goodwill of its FORKLIFT ACADEMY Mark. Defendant's infringement need not physically occur in California for the resulting harm to be felt in this forum.

8. In addition, Defendant operates an interactive commercial website, accessible at www.houstonforkliftacademy.com, through which it advertises, offers, and sells forklift training and certification services to consumers, including

consumers in California and this District. To the extent the full scope of Defendant's contacts with California is presently known only to Defendant, Plaintiff reserves the right to supplement these allegations following jurisdictional discovery.

**VENUE**

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Plaintiff's claim—including the injury to Plaintiff and to its FORKLIFT ACADEMY Mark—occurred in this District and Defendant's infringing website is accessible to and directed at consumers in this District, and pursuant to 28 U.S.C. § 1391(b)(3), because Defendant is subject to this Court's personal jurisdiction with respect to this action.

**PARTIES**

10. Plaintiff Forklift Academy, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business in Chatsworth, California. Plaintiff provides training services in the field of forklifts.

11. Upon information and belief, Defendant Houston Forklift & Autos LLC is a limited liability company organized and existing under the laws of the State of Texas, with a principal place of business at 15414 Rio Del Sol Drive, Houston, Texas 77083, and doing business under the assumed name "Houston Forklift Academy." Defendant provides forklift training and certification services in and around Houston, Texas, and through the internet.

12. Defendant Delano Mandela Igba is a natural person and, upon information and belief, a citizen of the State of Texas, with an address of 15414 Rio Del Sol Drive, Houston, Texas 77083. Igba is the sole member of, and the registered agent for, Houston Forklift & Autos LLC. Upon information and belief, as the sole member and controlling individual of Houston Forklift & Autos LLC, Igba owns, manages, and controls the operations of the LLC and personally

authorized, directed, controlled, ratified, and participated in the acts alleged in this Complaint, including the adoption, registration, and use of the Infringing Mark and the operation of the infringing website. Igba was and is the moving, active, conscious force behind the LLC's infringing conduct, and is named as a defendant in his individual capacity.

13. Plaintiff is presently unaware of the true names and capacities of the defendants sued herein as DOES 1 through 10, and therefore sues those defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities, and to add any other responsible individual or entity as a named defendant, when the same have been ascertained through discovery.

**FACTS**

14. Plaintiff is a provider of training services in the field of forklifts and has offered such services under the FORKLIFT ACADEMY name and mark for more than seventeen years.

15. Plaintiff is the owner of valid and subsisting United States Service Mark Registration No. 3,895,740 for the standard-character service mark FORKLIFT ACADEMY (the "FORKLIFT ACADEMY Mark") for "Training services in the field of forklifts" in International Class 41. The FORKLIFT ACADEMY Mark is registered on the Supplemental Register of the United States Patent and Trademark Office. The registration was issued on December 21, 2010, and Plaintiff has maintained and renewed it, including through the acceptance of Plaintiff's Section 8 declaration and Section 9 renewal on April 11, 2020.

16. Plaintiff has used the FORKLIFT ACADEMY Mark in commerce continuously since at least as early as October 9, 2008, in connection with the provision, offering, marketing, advertising, and promotion of forklift training and certification services. Attached as Exhibit 1 are representative samples showing

Plaintiff's use of the FORKLIFT ACADEMY Mark in connection with these services.

17. Plaintiff's use of the FORKLIFT ACADEMY Mark extends to the Houston, Texas metropolitan area, where Plaintiff operates and maintains a branch offering forklift training services under the FORKLIFT ACADEMY Mark. Plaintiff's use of the FORKLIFT ACADEMY Mark in the Houston area predates Defendant's adoption and use of the Infringing Mark.

18. Through Plaintiff's substantially exclusive and continuous use of the FORKLIFT ACADEMY Mark in commerce since at least as early as October 9, 2008, the FORKLIFT ACADEMY Mark has acquired distinctiveness and secondary meaning among the relevant consuming public, which has come to associate the FORKLIFT ACADEMY Mark with Plaintiff as the single source of the services offered thereunder. As a result of such use, Plaintiff owns valid and subsisting federal statutory and common law rights in the FORKLIFT ACADEMY Mark.

19. As a result of Plaintiff's continuous use and its expenditure of substantial time, money, and resources marketing, advertising, and promoting its services, the FORKLIFT ACADEMY Mark has come to signify the quality of Plaintiff's services and has acquired valuable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

20. Upon information and belief, Defendant is engaged in the business of providing forklift training and certification services in and around Houston, Texas, and through the internet.

21. Without Plaintiff's authorization, and long after Plaintiff acquired protectable rights in its FORKLIFT ACADEMY Mark, Defendant adopted and began using the designation "Houston Forklift Academy" (the "Infringing Mark") as an assumed business name and as the domain name *www.houstonforkliftacademy.com* in connection with forklift training and

certification services. Upon information and belief, Defendant registered "Houston Forklift Academy" as an assumed name with the Texas Secretary of State on or about May 28, 2025.

22. The Infringing Mark is confusingly similar to, and incorporates in its entirety, Plaintiff's FORKLIFT ACADEMY Mark, adding only the geographically descriptive term "Houston."

23. Defendant uses the Infringing Mark in connection with services that are identical to the services Plaintiff offers under the FORKLIFT ACADEMY Mark—namely, forklift training and certification. Defendant's website prominently brands its business as "Houston Forklift Academy," advertises "complete forklift training and certification (Theory + Quiz + Hands-on)," and represents that its curriculum is "100% OSHA Compliant." Attached as Exhibit 2 are true and correct copies of representative pages from Defendant's website showing Defendant's use of the Infringing Mark.

24. Upon information and belief, Defendant markets, advertises, promotes, offers, and sells its services under the Infringing Mark through the same channels used by Plaintiff, including the internet, and to the same classes of consumers to whom Plaintiff offers its services—namely, individuals and employers seeking forklift operator training and certification.

25. Plaintiff and Defendant are direct competitors offering identical forklift training and certification services under confusingly similar marks. The parties compete head-to-head in the same Houston, Texas market, where Plaintiff maintains a FORKLIFT ACADEMY branch and Defendant operates under the Infringing Mark, further heightening the likelihood that consumers will be confused as to the source, sponsorship, or affiliation of the parties' respective services.

26. On March 10, 2026, Plaintiff's counsel sent Defendant a cease and desist letter, via certified mail and email, identifying Plaintiff's FORKLIFT

ACADEMY Mark and U.S. Registration No. 3,895,740 and demanding that Defendant cease all use of "Houston Forklift Academy" and the domain www.houstonforkliftacademy.com.

27. On March 20, 2026, Defendant, through its counsel, responded in writing to Plaintiff's cease and desist letter. In that response, Defendant acknowledged its use of the designation "Houston Forklift Academy" as part of its business name, disputed Plaintiff's claims, and declined Plaintiff's demand that Defendant cease its use of the FORKLIFT ACADEMY Mark. Defendant's counsel captioned the response as being for "settlement purposes only" and asserted that it could not be used at trial pursuant to Federal Rule of Evidence 408 and Texas Rule of Evidence 408. Plaintiff references Defendant's response solely to establish Defendant's knowledge of Plaintiff's rights and Defendant's refusal to cease its infringing conduct, and not to prove the validity or amount of any disputed claim.

28. Notwithstanding Plaintiff's demand and Defendant's response, Defendant refused to cease its infringing use. Additionally, a copy of Plaintiff's counsel's cease and desist letter sent by certified mail was returned to sender as unclaimed. Defendant has at all times continued its infringing use.

29. Defendant's unauthorized use of the Infringing Mark is likely to cause confusion, mistake, or deception among the relevant consuming public as to the source, sponsorship, affiliation, or endorsement of Defendant's services, including the mistaken belief that Defendant's services originate from, or are authorized or approved by, Plaintiff.

30. Upon information and belief, Defendant's acts are willful and undertaken with knowledge of Plaintiff's prior rights in the FORKLIFT ACADEMY Mark—including after receipt of Plaintiff's cease and desist letter—and with the deliberate intent to trade on the goodwill of Plaintiff's FORKLIFT ACADEMY Mark and to divert Plaintiff's potential customers to Defendant.

31. Upon information and belief, all of the acts of Houston Forklift & Autos LLC alleged herein—including the adoption, registration, and use of the Infringing Mark, the operation and content of the infringing website, and the refusal to cease the infringing use after receiving Plaintiff's demands—were authorized, directed, controlled, and personally carried out by Igba as the LLC's sole member and controlling individual. Igba personally participated in, and was the moving, active, conscious force behind, that conduct, and personally directed the response to Plaintiff's cease and desist letter.

32. Defendant's acts have injured and, unless enjoined, will continue to injure Plaintiff's business reputation and goodwill, and are causing immediate and irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

**FIRST CAUSE OF ACTION**

**FEDERAL SERVICE MARK INFRINGEMENT**

**(15 U.S.C. § 1114)**

33. Plaintiff repeats and realleges paragraphs 1 through 32 hereof, as if fully set forth herein.

34. Plaintiff owns valid and protectable rights in the FORKLIFT ACADEMY Mark, which is the subject of United States Service Mark Registration No. 3,895,740 and has acquired distinctiveness and secondary meaning through Plaintiff's long and continuous use.

35. Defendant's unauthorized use in commerce of the Infringing Mark, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are authorized, endorsed, or sponsored by, or affiliated with, Plaintiff. Defendant's conduct therefore constitutes infringement of Plaintiff's registered service mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the FORKLIFT ACADEMY Mark and with the willful intent to cause confusion and to trade on Plaintiff's goodwill.

37. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff and to its goodwill and reputation, and will continue to damage Plaintiff and to confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

38. As a direct and proximate result of Defendant's infringement, Plaintiff has been and will continue to be damaged. Plaintiff is entitled to injunctive relief, to an accounting of and award of Defendant's profits and Plaintiff's actual damages, to enhanced damages of up to three times Plaintiff's actual damages upon proof of willful infringement, to the destruction of infringing materials, and to its costs and reasonable attorneys' fees, under Sections 34, 35, and 36 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, and 1118.

39. Defendant Igba personally authorized, directed, controlled, ratified, and participated in the acts of infringement alleged in this Cause of Action, and was the moving, active, conscious force behind that conduct. Igba is therefore individually liable for such infringement, jointly and severally with Houston Forklift & Autos LLC.

**SECOND CAUSE OF ACTION**

**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

**(15 U.S.C. § 1125(a))**

40. Plaintiff repeats and realleges paragraphs 1 through 39 hereof, as if fully set forth herein.

41. Plaintiff owns valid and protectable rights in the FORKLIFT ACADEMY Mark, including federal statutory rights and common law rights

arising from Plaintiff's substantially exclusive and continuous use of the FORKLIFT ACADEMY Mark in commerce, including in the Houston, Texas area, since long before Defendant's adoption of the Infringing Mark.

42. Defendant's unauthorized use in commerce of the Infringing Mark constitutes a false designation of origin and a false or misleading representation of fact that is likely to cause confusion, to cause mistake, or to deceive the relevant consuming public as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff. Defendant's conduct therefore constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Upon information and belief, Defendant's conduct is willful and undertaken with the deliberate intent to trade on the goodwill and reputation associated with Plaintiff's FORKLIFT ACADEMY Mark and to divert Plaintiff's customers to Defendant.

44. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff and to its goodwill and reputation, and will continue to damage Plaintiff and to confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

45. As a direct and proximate result of Defendant's unfair competition and false designation of origin, Plaintiff is entitled to injunctive relief, to an accounting of and award of Defendant's profits and Plaintiff's actual damages, to enhanced damages of up to three times Plaintiff's actual damages, to the destruction of infringing materials, and to its costs and reasonable attorneys' fees, under Sections 34, 35, and 36 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, and 1118.

46. Defendant Igba personally authorized, directed, controlled, ratified, and participated in the acts of unfair competition and false designation of origin alleged in this Cause of Action, and was the moving, active, conscious force

behind that conduct. Igba is therefore individually liable, jointly and severally with Houston Forklift & Autos LLC.

**THIRD CAUSE OF ACTION**

**CALIFORNIA COMMON LAW SERVICE MARK INFRINGEMENT**

47. Plaintiff repeats and realleges paragraphs 1 through 46 hereof, as if fully set forth herein.

48. Plaintiff owns valid and protectable rights in the FORKLIFT ACADEMY Mark under the common law of the State of California, arising from Plaintiff's long, continuous, and substantially exclusive use of the FORKLIFT ACADEMY Mark in commerce, including in California, through which the Mark has acquired distinctiveness and secondary meaning identifying Plaintiff as the single source of the services offered thereunder.

49. Defendant's unauthorized use in commerce of the Infringing Mark, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive the relevant consuming public as to the source, sponsorship, affiliation, or endorsement of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services originate from, or are authorized, endorsed, or sponsored by, or affiliated with, Plaintiff. Defendant's conduct therefore constitutes infringement of Plaintiff's service mark in violation of the common law of the State of California.

50. Upon information and belief, Defendant committed the foregoing acts with knowledge of Plaintiff's prior rights in the FORKLIFT ACADEMY Mark and with the willful intent to cause confusion and to trade on Plaintiff's goodwill.

51. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff and to its goodwill and reputation, and will continue to damage Plaintiff and to confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law. As a direct and proximate result of Defendant's

infringement, Plaintiff is entitled to injunctive relief and to recover Defendant's profits, Plaintiff's actual damages, and the costs of suit.

52. Defendant Igba personally authorized, directed, controlled, ratified, and participated in the acts of infringement alleged in this Cause of Action, and was the moving, active, conscious force behind that conduct. Igba is therefore individually liable for such infringement under the common law of the State of California, jointly and severally with Houston Forklift & Autos LLC.

**FOURTH CAUSE OF ACTION**

**CALIFORNIA COMMON LAW UNFAIR COMPETITION**

53. Plaintiff repeats and realleges paragraphs 1 through 52 hereof, as if fully set forth herein.

54. By adopting and using the Infringing Mark in connection with services identical to those Plaintiff offers under the FORKLIFT ACADEMY Mark, Defendant has passed off and continues to pass off its services as those of, or as affiliated, connected, or associated with, Plaintiff, and has misappropriated the goodwill and reputation associated with Plaintiff's FORKLIFT ACADEMY Mark.

55. Defendant's conduct is likely to cause confusion, to cause mistake, or to deceive the relevant consuming public as to the source, sponsorship, affiliation, or endorsement of Defendant's services, and therefore constitutes unfair competition in violation of the common law of the State of California.

56. Upon information and belief, Defendant's conduct is willful and undertaken with the deliberate intent to trade on the goodwill and reputation associated with Plaintiff's FORKLIFT ACADEMY Mark and to divert Plaintiff's customers to Defendant.

57. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff and to its goodwill and reputation, and will continue to damage Plaintiff and to confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law. As a direct and proximate result of Defendant's unfair

competition, Plaintiff is entitled to injunctive relief and to recover Defendant's profits, Plaintiff's actual damages, and the costs of suit.

58. Defendant Igba personally authorized, directed, controlled, ratified, and participated in the acts of unfair competition alleged in this Cause of Action, and was the moving, active, conscious force behind that conduct. Igba is therefore individually liable for such unfair competition under the common law of the State of California, jointly and severally with Houston Forklift & Autos LLC.

**FIFTH CAUSE OF ACTION**

**STATUTORY UNFAIR COMPETITION**

**(Cal. Bus. & Prof. Code § 17200 et seq.)**

59. Plaintiff repeats and realleges paragraphs 1 through 58 hereof, as if fully set forth herein.

60. California Business and Professions Code § 17200 defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice.

61. Defendant's unauthorized use in commerce of the Infringing Mark, as alleged herein, constitutes unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business and Professions Code § 17200 et seq. Defendant's conduct is unlawful because it violates the Lanham Act and the common law of the State of California, it is unfair because it threatens and harms Plaintiff's protected interest in the FORKLIFT ACADEMY Mark and the goodwill associated with it, and it is fraudulent because it is likely to deceive the relevant consuming public as to the source, sponsorship, affiliation, or endorsement of Defendant's services.

62. As a direct and proximate result of Defendant's unfair competition, Defendant has been unjustly enriched, and Plaintiff has suffered and continues to suffer injury in fact and the loss of money or property, including the diversion of customers and the erosion of the goodwill associated with the FORKLIFT ACADEMY Mark.

63. Pursuant to California Business and Professions Code § 17203, Plaintiff is entitled to a permanent injunction restraining Defendant's continuing acts of unfair competition and to restitution of all money and property that Defendant has acquired by means of its unfair competition.

64. Defendant Igba had control over the operations of Houston Forklift & Autos LLC, was informed of and personally participated in the unlawful, unfair, and fraudulent business acts and practices alleged in this Cause of Action, and permitted those acts and practices to continue. Igba is therefore individually liable, jointly and severally with Houston Forklift & Autos LLC, for the unfair competition alleged in this Cause of Action under California Business and Professions Code § 17200 et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Forklift Academy, Inc. respectfully requests that the Court enter judgment against Defendants, jointly and severally, as follows:

1. Adjudging that Defendants have infringed Plaintiff's registered service mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and have engaged in unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and that Defendants have infringed Plaintiff's service mark and engaged in unfair competition in violation of the common law of the State of California and California Business and Professions Code § 17200 et seq.;
2. Granting a permanent injunction enjoining Defendants, and their respective members, officers, agents, servants, employees, attorneys, successors, and assigns, and all those in active concert or participation with any of them who receive actual notice of the Court's order, from:
    a. using the Infringing Mark "Houston Forklift Academy," the domain name www.houstonforkliftacademy.com, or any other mark, name, domain name, or designation that consists of,

incorporates, or is a colorable imitation of, or is confusingly similar to, Plaintiff's FORKLIFT ACADEMY Mark, in connection with the marketing, advertising, promotion, offering, or sale of any goods or services;

b. engaging in any other activity that infringes Plaintiff's rights in its FORKLIFT ACADEMY Mark or that constitutes unfair competition with Plaintiff;

c. making or displaying any statement or representation that is likely to lead the public to believe that Defendant or its services are in any manner approved, endorsed, sponsored, authorized by, or associated or affiliated with Plaintiff; and

d. registering or applying to register any trademark, service mark, domain name, trade name, assumed name, or other source identifier consisting of or incorporating the FORKLIFT ACADEMY Mark or any confusingly similar variation thereof;

3. Directing that Defendants, pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, deliver up for destruction all signs, prints, packages, advertisements, promotional materials, certificates, stationery, digital materials, and other materials in their possession, custody, or control bearing the Infringing Mark or any other mark confusingly similar to the FORKLIFT ACADEMY Mark, together with all means of making the same;

4. Directing that Defendants cancel or abandon with prejudice the "Houston Forklift Academy" assumed name registration and any related state or federal filings, and transfer, cancel, or permanently disable the domain name www.houstonforkliftacademy.com and any other domain names incorporating the FORKLIFT ACADEMY Mark or any confusingly similar variation thereof;

5. Directing that Defendants account to and pay over to Plaintiff all profits realized by Defendants from their wrongful acts, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

6. Directing that Defendants, pursuant to California Business and Professions Code § 17203, restore to Plaintiff all money and property that Defendants acquired by means of their unfair competition;

7. Awarding Plaintiff its actual damages, together with enhanced damages of up to three times Plaintiff's actual damages upon proof of Defendants' willful infringement, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

8. Declaring this to be an exceptional case and awarding Plaintiff its costs and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

9. Directing Defendants, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), to file with the Court and serve upon Plaintiff, within thirty (30) days after service of any injunction, a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

10. Awarding Plaintiff pre-judgment and post-judgment interest on all sums awarded; and

11. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: September 25, 2026

SAIKI LAW GROUP APC

By: /s/ Eric H. Saiki
Eric H. Saiki
Attorneys for Plaintiff,
FORKLIFT ACADEMY, INC.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 25, 2026

SAIKI LAW GROUP APC

By: /s/ Eric H. Saiki
Eric H. Saiki
Attorneys for Plaintiff,
FORKLIFT ACADEMY, INC.

Exhibit 1.


FORKLIFT ACADEMY
LOGIN
(888) 381-2572 PST
TRAINING AND FORKLIFT LICENSE IN HOUSTON TX
OBTAIN YOUR FORKLIFT TRAINING AND FORKLIFT LICENSE IN HOUSTON !
The economy in Houston, Texas is booming if compared to many other depressed economies across the country. One of the main reason for this booming economy is that the largest refineries business in the country are based in Houston. Therefore there are many job opportunities waiting to be filled by local companies. Many of these companies are playing a support role to the large Oil industry in Texas. A common denominator is that many of these companies in Houston are supplying goods to the refineries thus Warehouse and Logistics roles are one of the leading jobs opening in the local area. One of the most desirable skills for a Warehouse Operator is to have the proper Forklift Training.
TRUST GUARD
SECURE
ACTIVE 09-18-26
If you are looking for a place to learn to operate a Forklift and obtain


training for forklifts, scissor lifts, and order...
Houston Forklift Academy
5.0 (183) · Training center
6237 Corporate Dr
Open · Closes 5 PM · (832) 899-2169
"Great instructor and show you literally hands on until it's natural to you."
Website
Directions
Forklift Academy, Inc
You manage this Business Profile
4.6 (59) · Trade school
10+ years in business · 6205 Brookhill Dr #2
Closed · Opens 8 AM Wed · (832) 789-8875
"... this course if you need a quick but thorough certification."
Website
Directions

Exhibit 2.




forkliftacademy.com
https://www.forkliftacademy.com

#1 OSHA Forklift Certification & Training Online

Forklift Academy **offers affordable certification solutions** to help companies and individuals meet OSHA requirements. We provide online, in-person, and on-site ...

Yelp
https://www.yelp.com › ... › Education › Specialty Schools

HOUSTON FORKLIFT ACADEMY - Updated August 2026

We offer same-day OSHA Compliant forklift training and certification · **11160 Dover St Ste B2 Houston, TX 77031** (832) 899-2169 · opens at 9:00 AM on Monday, ...